BULLER, APPELLEE, *v.*
RESPICARE, INC. ET AL.;
SIMPSON ET AL., APPELLANTS.

(No. 86AP-964—Decided May 5, 1987.)

*Frick & Voltolini, Bradley N. Frick, David C. Winters* and *Jody Gabriel,* for appellee.

*Brownfield, Cramer & Lewis, Lyman Brownfield* and *Scott W. Spencer,* for appellants Thomas L. Simpson and Mark Evanson.

YOUNG, J. Appellee, Mahlon A. Buller III, terminated his employment with Respicare in February 1983. Cheryl Morton, a former employee of Respicare, while attending a meeting with Buller, discovered that he was still in possession of Respicare equipment. She notified Respicare, which, in turn, notified the police. The police obtained a search warrant and recovered all of Respicare's equipment from Buller. Theft charges were filed and eventually dismissed. Appellee then brought a civil action against Respicare, Inc. et al. and appellants, Thomas L. Simpson and Mark Evanson, for malicious prosecution, abuse of process, defamation, and civil conspiracy.

The trial court directed a verdict in favor of the defendants. Thereafter, appellants' motion for attorney fees was overruled.

Appellants assert the following as an assignment of error:

"Where a complaint filed in the Civil Division of the Court of Common Pleas is frivolous and devoid of merit, under what circumstances may the opposing party be awarded reasonable attorney fees?"

In addition, appellee has filed a request for attorney fees with this court.

Ohio has adopted the "American Rule" which does not permit a prevailing party to recover attorney fees in the absence of statutory authorization as part of the costs of litigation. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 75 O.O. 2d 224, 347 N.E. 2d 527. The only exception to this general rule permits the prevailing party to recover attorney fees as part of the costs where the losing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. See *Broughman* v. *Breyfogle-Schaaf Partnership* (Mar. 29, 1984), Franklin App. No. 83AP-1145, unreported. However, no separate cause lies for malicious prosecution unless the injured party was arrested or his property seized, which determination is made in the original action.

In the facts before us, neither party has demonstrated that the other party acted so wantonly or maliciously as to warrant an award of attorney fees. Neither party has proven the requisite "bad faith" to qualify as an exception to the "American Rule." Furthermore, if the general rule is to be modified, extended or otherwise changed, this must be accomplished by the Supreme Court. Likewise, if an additional exception is to be engrafted, it must be done by the Supreme Court, not an intermediate appellate court which is bound by Supreme Court decisions.

Therefore, since neither party has

demonstrated the requisite "bad faith" of the other, the judgment of the Franklin County Common Pleas Court is affirmed and appellee's request for attorney fees in regard to this appeal is overruled.

*Judgment affirmed; appellee's request for attorney fees denied.*

WHITESIDE and BOWMAN, JJ., concur.

WHITESIDE, J., concurring. Appellants did not seek attorney fees predicated upon bad faith, as such, and presented no evidence of bad faith. Accordingly, as the majority points out, attorney fees cannot be awarded under the ordinary bad faith exception to the "American Rule."

Appellants did seek attorney fees in the trial court upon an alleged violation of Civ. R. 11. The Ohio rule differs from the federal rule and places responsibility for the certification solely upon the attorney and not upon the party. In addition, Civ. R. 11 provides: "For a willful violation of this rule an attorney may be subjected to appropriate action." Appellants argue, and I tend to agree, that such "appropriate action" may include imposition, upon the attorney willfully violating the rule, of the responsibility to pay the attorney fees of the adverse party. However, in the trial court, appellants presented no evidence of a willful violation of Civ. R. 11 and did not expressly seek sanctions against appellee's attorneys (as opposed to appellee Buller himself).

The appeal to this court is not frivolous since a justiciable issue has been presented as to the construction of Civ. R. 11, *i.e.,* whether attorney fees should be awarded automatically where summary judgment is granted to defendants solely upon factual issues, that is, demonstration by the defendants, without controversion, that the true facts differ from those alleged in the complaint.

Accordingly, I concur in the judgment.