**KEMP, SCHAEFFER AND ROWE CO., L.P.A. et al., Appellees,**

v.

**FRECKER et al., Appellees;**

**Yaklevich, Appellant.**

[Cite as *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–314.

Decided Dec. 4, 1990.

494

*William H. Bluth,* for appellees.

*John A. Yaklevich, pro se,* and *Charles A. Koenig,* for appellant.

---

BOWMAN, Judge.

In April 1987, appellee, Kemp, Schaeffer & Rowe Co., L.P.A. ("KS & R"), commenced a civil action against Geneva J. Frecker; Norton Webster, as executor of the estate of Edward Frecker; the children of Geneva and Edward Frecker; Mathew Bender & Company; and appellant, John A. Yaklevich, alleging various causes of action arising from Geneva Frecker's termination of a contingent fee agreement with KS & R.

After numerous motions and extensive discovery, appellant moved the trial court to enter summary judgment in his favor as to the allegations of the complaint which remained pending against him. KS & R filed a memorandum contra, asserting that there existed many issues of fact which would preclude summary judgment from being granted to appellant. The court granted appellant's motion for summary judgment and determined that there was no evidence to dispute appellant's assertions that he had not had contact with Geneva Frecker and that he did nothing to induce Geneva Frecker to terminate her attorney/client relationship with KS & R.

Thereafter, appellant filed a motion for attorney fees. Appellant sought to have the fees he incurred in defending the action brought by KS & R from April 14, 1989 to date taxed against KS & R. In support of his motion, appellant attached affidavits showing the amount of time he expended in defending the case. KS & R filed a memorandum contra appellant's motion, asserting that it was justified in commencing and continuing its suit against appellant because justiciable claims were presented, and there was no evidence of bad faith on its part.

The trial court overruled appellant's motion for attorney fees and stated that appellant's proper remedy was an action in tort for abuse of process, *i.e.*, use of the legal process for an ulterior purpose; intentional, wrongful act; and damages. The court stated that it could not, from the evidence before it, conclude as a matter of law that KS & R acted with ill will and improper purpose. Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred in overruling appellant's post-judgment motion for attorney fees."

In his assignment of error, appellant asserts that the trial court erred in overruling his post-judgment motion for attorney fees. Appellant asserts that he is entitled to an award of attorney fees because KS & R instituted the suit against him without probable cause and prosecuted a complaint against him which stated no valid claim for relief. Appellant asserts that, although there is no statutory authority permitting him to recover attorney fees for this action, this situation falls into the exception to the American Rule which permits recovery for attorney fees as part of the costs of the litigation.

In *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 528 N.E.2d 1282, this court stated, at 17, 528 N.E.2d at 1282:

"Ohio has adopted the 'American Rule' which does not permit a prevailing party to recover attorney fees in the absence of statutory authorization as part of the costs of litigation. *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. The only exception to this general rule permits the prevailing party to recover attorney fees as part of the costs where the losing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons.  * * *"

In *Broughman v. Breyfogle–Schaaf Partnership* (Mar. 29, 1984), Franklin App. No. 83AP–1145, unreported, 1984 WL 4700, this court stated that bringing a civil action maliciously and without probable cause constitutes acting in bad faith, vexatiously, wantonly or obdurately, or for oppressive reasons within the contemplation of the exception to the American Rule, thus making attorney fees recoverable as part of the costs of litigation.

■  This court finds that appellant may be entitled to recover attorney fees based on the exception to the American Rule if appellant can show that KS &

R acted in bad faith, wantonly, obdurately, vexatiously, or for oppressive reasons. However, at the hearing on appellant's motion for attorney fees, no evidence was presented with regard to this issue.

Appellant also asserts that he is entitled to recover attorney fees because KS & R violated Civ.R. 11, which provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name * * *. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"

In *Buller, supra,* Judge Whiteside, in his concurring opinion, stated that the "appropriate action" language of Civ.R. 11 may include imposition of the responsibility to pay the attorney fees of the adverse party upon the attorney willfully violating the rule. However, in order to prevail, a party must present evidence of a willful violation of Civ.R. 11.

In *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160, the court stated that the Civ.R. 11 signature requirement imposes a verification burden, as well as a moral and ethical obligation, on the attorney. The attorney signing the document certifies that, to the best of his knowledge, information and belief, his pleading is supported by good grounds. The purpose of the rule is to deter pleading and motion abuses, and it is to assure the court that the pleading or motion was filed in good faith with sufficient grounds to support it. If a court finds that a pleading or motion was filed to defeat this purpose, it may strike the document and it may also punish the attorney who signed it and certified that it was true. The court stated that assessing attorney fees against the attorney who signed the complaint or motion is just one sanction which is available to the court, and that the court retains the necessary flexibility to deal with violations of the rule appropriately. Thus, the trial court has the discretion to tailor sanctions to the particular facts of the case, and the trial court has wide latitude in protecting the administration of justice by the extent of the sanction it imposes. A sanction may be found to be improper only where it is imposed in the exercise of an abuse of the trial court's discretion.

In *McCutcheon v. Brooks* (1988), 37 Ohio App.3d 110, 524 N.E.2d 202, this court stated that before a trial court makes a determination of whether or not

an attorney committed a willful violation of Civ.R. 11, it should order a hearing and give the attorney who signed the complaint or motion an opportunity to state the good-faith basis upon which he filed the complaint.

■ KS & R asserts that, on review, this court is limited to a determination of whether the trial court abused its discretion in refusing to award appellant attorney fees. See *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. This court agrees. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Beacon Journal Pub. Co. v. Stow* (1986), 25 Ohio St.3d 347, 25 OBR 399, 496 N.E.2d 908.

■ This court finds that the trial court abused its discretion in this case. During the hearing on appellant's motion for attorney fees, the trial court permitted both parties to " * * * summarize the issues in an oral argument * * *." This was error. The trial court was obligated to hold an evidentiary hearing so that evidence could be presented on the issue of whether or not KS & R acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. Evidence also should have been taken on the issue of whether or not KS & R violated Civ.R. 11. Finally, evidence should have been presented to show whether or not the fees appellant was requesting were reasonable. Consequently, appellant's assignment of error is well taken.

The judgment of the trial court is reversed and this cause is remanded with instructions that the trial court hold an evidentiary hearing on the issue of whether appellant is entitled to an award of attorney fees based on the exception to the American Rule and whether or not KS & R violated Civ.R. 11. The trial court should be guided in its decision by the definition of "bad faith" as set forth in *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 21 O.O.2d 420, 187 N.E.2d 45, wherein the court stated, at paragraph two of the syllabus:

" * * * [B]ad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another."

Accordingly, the judgment of the trial court is reversed and this cause is remanded.

*Judgment reversed*
*and cause remanded*
*with instructions.*

WHITESIDE and HARSHA, JJ., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.