**In re ESTATE OF CAIN, Appellee; ELSASS, Appellant.**

[Cite as *In re Estate of Cain* (1994), 92 Ohio App.3d 835.]

Court of Appeals of Ohio,
Franklin County.

No. 93APF11–1510.

Decided Feb. 1, 1994.

*Tobias H. Elsass, pro se.*

*Morrison Law Offices* and *Nancy Morrison Bodycombe; Gamble, Hartshorn & Alden* and *Bryan B. Johnson,* for appellee.

TYACK, Judge.

Donna Jean Cain died on January 17, 1992, bequeathing the residue of her estate to her daughter, Janet L. Marshall, and to Betty Davis.  Marshall was the

named executor of her mother's estate. The primary focus of issues raised by Davis in this litigation concerned Marshall's removal of $76,000 from a payable-on-death bank account which the decedent had made payable to Marshall.

Davis filed numerous motions in the probate court seeking, *inter alia*, removal of Marshall as executor and vacation of the approval of inventory. Marshall filed a motion entitled "motion to dismiss hearing on removal of executor." The motion was overruled by the probate court in an entry journalized October 15, 1992. The entry adopted a referee's report, recommending that the motion to dismiss be overruled and that the motion to remove the executor be set for hearing.

On October 7, 1992, an agreed judgment entry was journalized setting aside the approval of inventory and setting a hearing on all pending motions for two weeks later. In the interim, the probate judge recused himself from the case. A judge from the Franklin County Court of Common Pleas, General Division, was appointed to handle the matter.

On December 31, 1992, the trial court journalized an entry ordering Davis to pay the executor's attorney fees and expenses out of Davis's distributive share of the estate. This order was based on the court's finding that Davis "had no factual basis for instituting the various actions and motions filed." The judge characterized the proceedings as "stupid, * * * foolish and an absolute waste of time[,]" and Davis's theory as "a shot in the dark * * *." The court also found that her actions were "unreasonably burdensome" to the estate.

On December 31, 1992, apparently before the entry of the same date was journalized, counsel for Davis filed a motion for a new trial. The motion was refiled on January 13, 1993, apparently in order to avoid any potential claim of prematurity in filing the first motion.

On January 26, 1993, Davis filed a notice of appeal to this court from the trial court's December 31, 1992 entry ordering her to pay the executor's attorney fees and expenses out of Davis's distributive share of the estate.

On February 11, 1993, the trial court journalized an entry overruling both of the motions for a new trial filed by Davis. By this time, a third judge had been assigned to the case. In overruling the motions, the court found that the motions were "not supported by the facts," and that the proceedings to determine the executor's application for fees were a "hearing," not a trial and, therefore, a motion for a new trial was inappropriate.

On November 9, 1993, this court rendered an opinion wherein it expressly determined that the trial court erred in finding that Davis's action was frivolous. See *In re Estate of Cain* (Nov. 9, 1993), Franklin App. No. 93AP–111, unreported,

1993 WL 460583. This court held that the record did not establish a basis to support the attorney-fee assessment against her distributive share of the estate.

Litigation continued in the probate court during the pendency of Davis's first appeal to this court. On April 8, 1993, Marshall filed a motion, pursuant to Civ.R. 11, seeking imposition of sanctions against Davis and/or her counsel. The executor asserted that sanctions should be imposed as a result of her incurring attorney fees and expenses in defending the two "frivolous" motions for a new trial filed by Davis. Additionally, the executor sought payment of her attorney fees and expenses incurred in the filing of her motion for sanctions. On May 5, 1993, the executor filed a motion for additional sanctions as a result of Davis's filing an allegedly frivolous "nomination of the case for mediation" during settlement week. Davis responded with her own motion for sanctions, arguing that the executor's motions for sanctions were frivolous.

On June 18, 1993, the trial court rendered a decision granting the executor's motions for sanctions and, accordingly, denying Davis's motion. The court ordered that counsel for Davis pay $750 to the executor. For reasons that are not apparent from the record, the court's decision was not journalized until October 22, 1993.

Davis's counsel (hereinafter "appellant")[1] has timely appealed, assigning two errors for our consideration:

"Assignment of Error I:

"The trial court erred as a matter of law when it imposed attorney's fees as a sanction pursuant to Ohio Civ.R. 11 without first conducting an evidentiary hearing.

"Assignment of Error II:

"The trial court erred as a matter of law when it imposed attorney's fees as a sanction, pursuant to Ohio Civ.R. 11, against a party who did not act willfully or in bad faith."

Civ.R. 11 provides, in pertinent part:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it

---

1. A *party* does not have standing to challenge the imposition of sanctions upon his or her attorney. *Pegues v. Freedom Fed. S. & L. Assn.* (Mar. 23, 1989), Franklin App. No. 88AP–631, unreported, 1989 WL 27170. Elsass properly filed his own notice of appeal in this case.

may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. Similar action may be taken if scandalous or indecent matter is inserted."

■ Initially, we note that "[t]he decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court. Absent an abuse of discretion, such decision will not be reversed." *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.

■ In his first assignment of error, appellant argues that the trial court erred by imposing sanctions against him pursuant to Civ.R. 11 without conducting an evidentiary hearing.

In its decision granting the executor's motions for sanctions, the trial court stated that the motions "came on for a non-oral hearing on May 24, 1993," and further, in pertinent part:

"It appears to the Court that the actions of Tobias H. Elsass have been entirely frivolous and unnecessary. Neither motion for a new trial had a legal or factual basis, and, indeed, the actions of Mr. Elsass in the conduct of this entire matter have been unduly burdensome and unjustifiable. The motion for sanctions that he caused to be filed on May 20, 1993 was retaliatory and harassing, merely serving to incur additional expense for all parties involved."

While the trial court did not expressly state its basis for the imposition of sanctions, presumably, in finding the executor's motions brought pursuant to Civ.R. 11 to be "well-taken," the court granted the sanctions pursuant to Civ.R. 11. She sought $575 for expenses and fees incurred in the first motion for a new trial; $80.50 for the second motion for a new trial; and $1,000 for pursuit of the first motion for sanctions. In her second motion for sanctions, she sought $850 for fees and expenses incurred as a result of appellant's filing a nomination of the case for mediation during settlement week.

Appellant correctly points out that R.C. 2323.51 provides another legal basis upon which a trial court may impose sanctions in the form of attorney fees for frivolous conduct adversely affecting a party to the action. Appellant also correctly notes that R.C. 2323.51 requires a trial court to conduct an evidentiary hearing before imposing such sanctions. However, as noted above, the only reasonable assumption is that the trial court relied upon Civ.R. 11, not the statute, in imposing sanctions against appellant.

The issue asserted by appellant is whether Civ.R. 11 requires that an evidentiary hearing be conducted comparable to that required by R.C. 2323.51.

In *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 591 N.E.2d 402, this court held that a party moving for attorney fees as "appropriate action" under Civ.R. 11 is entitled to an evidentiary hearing to establish that the other party acted in bad faith. Citing *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 528 N.E.2d 1282 (Whiteside, J., concurring), the court in *Frecker* explained that the "appropriate action" language of Civ.R. 11 "may include imposition of the responsibility to pay the attorney fees of the adverse party upon the attorney willfully violating the rule. However, in order to prevail, a party must present evidence of a willful violation of Civ.R. 11." *Id.*, 70 Ohio App.3d at 497, 528 N.E.2d at 404.

This court has also stated that before a trial court determines that an attorney has willfully violated Civ.R. 11, it should order a hearing to provide the attorney an opportunity to establish his or her good-faith basis for filing the pleading. *McCutcheon v. Brooks* (1988), 37 Ohio App.3d 110, 524 N.E.2d 202.

The fact that the hearing should provide the opportunity for the attorney to demonstrate his or her good-faith basis for the pleading implies that evidence will be received by the trial court. Normally this will be done through live testimony by the attorney who filed the pleadings. If the parties and the attorney who filed the pleadings agree, the evidence may be received through use of affidavits, deposition testimony or stipulation.

Having made these observations in the context of pleadings, we note that the sanctions in Civ.R. 11 do *not* apply to motions, which are not pleadings.

Civ.R. 7(A) defines "pleadings" as:

"There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

This definition does not include motions as a part of what constitutes "pleadings."

Having thus defined "pleadings" in Civ.R. 7(A), Civ.R. 7 goes on to discuss motions in Civ.R. 7(B). Civ.R. 7(B)(4) then indicates:

"All motions shall be signed in accordance with Rule 11."

Civ.R. 7(B)(4) clearly reemphasizes that motions are not pleadings, because if motions were pleadings, Civ.R. 11 would already mandate signatures.

Further, Civ.R. 7(B)(4) applies only the signing requirement of Civ.R. 11 to motions. Civ.R. 7(B)(4) does *not* incorporate the sanctions provisions of Civ.R. 11.

In the context of the present case, sanctions pursuant to Civ.R. 11 were sought for the filing of motions. Since Civ.R. 11 does not authorize sanctions for the filing of motions, the trial court could not grant the sanctions.

As a result, the first assignment of error is sustained.

Our ruling on the first assignment of error, including the observations as to the scope of Civ.R. 11, renders the second assignment of error moot. See App.R. 12(A)(1)(c).

As a result, the judgment of the trial court is reversed. The cause is remanded with instructions to overrule the motion for sanctions as to appellant.

*Judgment reversed and cause remanded with instructions.*

WHITESIDE and BOWMAN, JJ., concur.