In re ESTATE OF CAIN, Appellee;

Elsass, Appellant.

[Cite as *In re Estate of Cain* (1994), 94 Ohio App.3d 86.]

Court of Appeals of Ohio,
Franklin County.

No. 93APF11–1510.

Decided March 29, 1994.

*Tobias H. Elsass, pro se.*

*Morrison Law Offices* and *Nancy Morrison Bodycombe; Gamble, Hartshorn & Alden* and *Bryan B. Johnson,* for appellee.

TYACK, Judge.

## ON MOTION FOR RECONSIDERATION

This cause is before the court as a result of the filing of an application for reconsideration on behalf of appellee, the estate of Donna Jean Cain. Appellee asserts that our opinion is inconsistent with our previous reported opinion of *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 591 N.E.2d 402.

The issue in *Kemp* is set forth at 496, 591 N.E.2d at 403–404, as follows:

"In his assignment of error, appellant asserts that the trial court erred in overruling his post-judgment motion for attorney fees. Appellant asserts that he is entitled to an award of attorney fees because KS & R instituted the suit against him without probable cause and prosecuted a complaint against him which stated no valid claim for relief. * * *"

To the extent that the opinion in *Kemp* refers to motions, the reference is dictum. Upon close analysis, as occurred in our opinion in the present case, Civ.R. 11 does not apply to activity which only involves the filing of motions. *In re Estate of Cain* (1994), 92 Ohio App.3d 835, 839–840, 637 N.E.2d 362, 365–366.

We understand the public policy arguments made by appellee as to why the filing of motions should be subject to Civ.R. 11 sanctions. However, good public policy does not permit us to re-write the actual words of the Ohio Rules of Civil Procedure. We also note that modifications to the rules to make Civ.R. 11 sanctions apply to motions are currently under consideration, with a contemplated effective date of July 1, 1994.

As a result of the foregoing, the application for reconsideration is denied.

*Motion denied.*

BOWMAN, J., concurs.

WHITESIDE, P.J., dissents.

WHITESIDE, Presiding Judge, dissenting.

Although I concurred in the opinion, upon reexamining the issue upon appellee's motion to reconsider, I find that we reached an incorrect result for reasons not expressly argued.

The basic issue is whether the sanctions provided by Civ.R. 11 with respect to pleadings can or should be applied to motions. Clearly, a motion is not a pleading, and Civ.R. 11 does not directly apply. However, as pointed out in our original opinion, Civ.R. 7(B)(4) provides that " '[a]ll motions shall be *signed* in accordance with Rule 11.' " (Emphasis added.) 92 Ohio App.3d at 839, 637 N.E.2d at 365. We found only the act of signing to be incorporated into Civ.R. 7. Further examination demonstrates that this is too narrow an interpretation of Civ.R. 7(B)(4).

First, had it been the intent of Civ.R. 7(B)(4) to require only that motions be signed by the attorney or an unrepresented party, there would be no necessity of reference to "Rule 11."

Second, the act of signing is required by Civ.R. 7(B)(3), which states in pertinent part: "The rules applicable to * * * signing * * * pleading[s] apply to all motions * * *." This rule was part of the original Civil Rules. In 1984, the Civil Rules were amended to add Civ.R. 7(B)(4). Obviously, the intent must have been to add some provision not already included within Civ.R. 7(B)(3), which incorporates the signing requirements of Civ.R. 11. The additional provisions of Civ.R. 11 not already incorporated by Civ.R. 7(B)(3) are, at least, the provisions as to the effect of signing and the sanction for willful violation. The effect of signing is that the "signature of an attorney constitutes a certificate by him that * * * to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." At the very least, Civ.R. 7(B)(4) makes this provision of Rule 11 applicable to motions. However, it would seem that the sanction for willful violation of this good-faith requirement would necessarily follow the requirement itself. The duty placed upon an attorney is incomplete without the sanction for willful violation.

Accordingly, I find that Civ.R. 7(B)(4) incorporates all the provisions of Civ.R. 11, including the provision for sanctions upon an attorney for willful violation of the good-faith requirement. Thus, Civ.R. 7 permits sanctions against an attorney who signs and files a motion without knowledge, information, or belief that "there is good ground to support it."

Accordingly, I would sustain the motion to reconsider, overrule the assignments of error, and affirm the judgment of the common pleas court.