HEARD, Appellant,

v.

MEIJER, INC. et al., Appellees.

[Cite as *Heard v. Meijer, Inc.* (1996), 113 Ohio App.3d 224.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15609.

Decided Aug. 2, 1996.

*Linda S. Stukey* and *M. Elizabeth Egbers,* for appellant.

*Jane M. Lynch* and *August T. Janszen,* for appellees.

KERNS, Judge.

On April 28, 1993, the plaintiff, Janet Heard, commenced this action in the Court of Common Pleas of Montgomery County, alleging false imprisonment, and on May 11, 1993, the defendants, Meijer, Inc., Brad McPherson, and Jeffrey Eccleton, filed an answer which generally denied the allegations of the complaint and asserted several affirmative defenses.

The case was scheduled for arbitration, but about twenty minutes prior to the time for the scheduled hearing on April 26, 1994, Heard voluntarily dismissed the action pursuant to Civ.R. 41(A)(1).

On April 25, 1995, the plaintiff refiled her complaint, and this development engendered a procedural confrontation which finally culminated in the court order from which the present appeal has been taken. The order, which was apparently rendered without a hearing, gives some insight into the nature of this appeal and provides, in toto, as follows:

"This matter came before the court on plaintiff's motion for reconsideration and/or lifting of stay. After considering the briefing provided by both plaintiff and defendants, plaintiff's motion is hereby overruled.

"Although Ohio R.Civ.P. 41(D) does not expressly include an award of attorney fees as 'costs of the action previously dismissed,' this court clearly has authority to award both 'costs' under Ohio R.Civ.P. 41(D) and attorney fees in this matter as a sanction for the frivolous conduct of the plaintiff and/or plaintiff's counsel. The facts of this matter clearly establish a sufficient basis for this finding of frivolous conduct by plaintiff and/or her attorney, and attorney fees, therefore, are appropriate. *See Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 610 N.E.2d 1076. The *Ceol* court stated:

" 'Courts possess inherent power to do all things necessary to the administration of justice and to protect their own powers and processes. Sanctions may be imposed against parties or their attorneys when the judicial process is abused.' *Ceol,* 81 Ohio App.3d at 289, 610 N.E.2d at 1077–78. *See also Lisath v. Cochran* (January 12, 1994) Lawrence App. No. 93CA18 [1994 WL 11411] (Fourth App. Dist.); *Phillips v. Brant Pike Pizza* (March 9, 1994), Montgomery County C.C.P. Case No. 91–3407.

"In addition to this common-law authority, the court has statutory authority to impose costs and attorney fees on plaintiff for engaging in frivolous conduct. *See* Ohio Revised Code § 2323.51. The frivolous conduct in this case is the plaintiff's willful and intentional failure to give notice to the defendants of her intent to dismiss the preceding case and dismissing it only 19 minutes before the scheduled arbitration. Defendants were prejudiced by having available all of their witnesses for arbitration, including witnesses flown in from out of state, and had also gone through the expense of retaining a court reporter for the arbitration. It is the court's policy to encourage alternative dispute resolution such as arbitration, and defendants' effort to prepare thoroughly and properly for that arbitration was obviously pursuant to this policy. Plaintiff's voluntary dismissal a mere 19 minutes before the arbitration was to begin not only subjected defendants to these costs and expenses but thwarted the orderly presentation of this case to the panel of arbitrators present. It is this action of plaintiff and/or her attorney before the dismissal which justifies the sanctions imposed herein.

"The Ohio Supreme Court have [*sic*] clearly recognized that plaintiffs may suffer the consequences of their voluntary dismissals. In *Industrial Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14 the Supreme Court stated:

" 'Civ.R. 41 does not, read in its entirety, completely erase the memory of the previously filed action. * * * [A]lthough the plaintiff may suffer no prejudice from the first act of dismissing, *nevertheless [plaintiff] may not avoid all of the consequences of [her] conduct in prosecuting the previously filed action.* The trial court in the refiled action may make an award in that action that grows out of the previous action.' *Id.* at 579, 635 N.E.2d at 17."

"Accordingly, the court finds that plaintiff and/or her attorney's conduct in the untimely voluntary dismissal of this case warrants the sanction of attorney fees.

"Moreover, with regard to the order of stay, Ohio R.Civ.P. 41(D) clearly is applicable. Plaintiff must first pay the costs and expenses incurred before she is permitted to force the defendants to expend additional and/or duplicate costs.

"Accordingly, after consideration of plaintiff's and defendants' memorandums, plaintiff's Memorandum for Reconsideration and/or Lift the Stay is hereby overruled. Plaintiff is again ordered to pay $5,481.13 in attorney fees and costs forthwith in order for the stay to be lifted and the case to proceed."

In conjunction with the appeal, the appellant filed an affidavit of indigency, which was uncontested, and this court, upon the authority of *Skaggs v. Lima Mem. Hosp.* (Sept. 4, 1990), Allen App. No. 1–88–47, 1990 WL 131961, unreported, has previously held on April 4, 1996, that this court has jurisdiction of the matter.

In the appeal from the order entered in the trial court, as heretofore quoted herein, the appellant has failed to file assignments of error, as contemplated by App.R. 16, but her principal grievances are nonetheless identifiable.

Initially, it may be noted that the conclusion of the common pleas court feeds entirely upon an express finding of frivolous conduct, but no hearing was conducted relative to this matter. Heard contends that she was "completely unable to proceed" because of "circumstances beyond her control" and because of "severe emotional and psychological turmoil." Moreover, the record shows that Heard formally requested an evidentiary hearing as to her alleged frivolous or bad faith conduct. See *Kemp, Schaeffer & Rowe Co., L.P.A. v. Frecker* (1990), 70 Ohio App.3d 493, 591 N.E.2d 402.

Furthermore, the burden rested upon the defendants-appellees to show that Heard's conduct precluded her from exercising her right to dismiss her case without prejudice at any time prior to trial. Civ.R. 41(A)(1)(a). In this regard, this court has held that a party has an absolute right to voluntarily terminate a cause of action at any time prior to the commencement of trial. *Std. Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458. In fact, this view was more recently approved by the Supreme Court of Ohio in *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214, where the court cited with approval *Goldstein v. Goldstein* (1988), 50 Ohio App.3d 4, 552 N.E.2d 228, and *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App.3d 224, 16 OBR 240, 475 N.E.2d 183. Specifically, those cases have held that a plaintiff's right under Civ.R. 41(A)(1)(a) to dismiss once, without prejudice, at anytime prior to trial, is absolute.

In the present case, the sanctions imposed by the common pleas court were apparently based entirely upon the timing of the voluntary dismissal, which was about two months before the trial date, but only minutes before the scheduled arbitration hearing. But the appellees did not produce any reliable *evidence* to support a bad-faith exception to the language of Civ.R. 41(A)(1)(a). Nor did the appellees produce any *evidence* to support an exception to the general rule that attorney fees are not ordinarily taxed as a part of the costs of litigation. See *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 573 N.E.2d 1078; *Sorin v. Warrensville Hts. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527; *Sturm, supra.* Nor did the appellees produce any *evidence* to support their claim for other additional costs over and above those specifically authorized by statute. See *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 60 O.O. 531, 138 N.E.2d 660.

Here, the record is devoid of evidence to demonstrate bad faith of the type which might justify the sanctions imposed by the court of common pleas. See *Buller v. Respicare, Inc.* (1987), 39 Ohio App.3d 17, 528 N.E.2d 1282; *Kemp, Schaeffer & Rowe Co., L.P.A., supra.*

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with instructions that the trial court conduct an evidentiary hearing.

*Judgment reversed*
*and cause remanded.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.