DECISION
Vincent DePascale, appellant, appeals a judgment of the Franklin County Court of Common Pleas. The trial court overruled appellant's objections to a magistrate's decision, holding that he did not have standing to file the objections.
On September 21, 1997, appellant filed a complaint on behalf of All Climate Heating and Cooling, Inc. and Robert Claypool, d.b.a. Claypool Construction ("plaintiffs"), for fraud, fraudulent misrepresentation, and conversion against Zee Properties, Inc., and C. Marlene Eberhard, defendants-appellees ("appellees"). The complaint was a re-filing of a previous complaint which involved the same parties. On January 2, 1998, Eberhard filed a motion for summary judgment alleging plaintiffs' claims were barred by res judicata. Eberhard claimed the issues raised by plaintiffs had been addressed in the previous case. Eberhard stated that after plaintiffs voluntarily dismissed their complaint against appellees, Potter Lumber and Supply Company ("Potter"), a co-plaintiff, went forward with the case, in which judgment was rendered in favor of Eberhard and against Potter. On December 7, 1998, the trial court overruled Eberhard's motion for summary judgment.
On December 30, 1998, Eberhard filed a second motion for summary judgment, which was sustained by the trial court on May 12, 1999. The court found that plaintiffs' complaint and memorandum contra Eberhard's motion for summary judgment failed to set forth sufficient evidence to support a prima facie case of fraud, fraudulent misrepresentation, and conversion.
On May 26, 1999, Eberhard filed a motion for sanctions against plaintiffs and appellant pursuant to Civ.R. 11 and R.C. 2323.51, arguing that "the conduct of Plaintiffs and their counsel can hardly be deemed anything other than frivolous." The trial court referred the matter to a magistrate. On December 28, 1999, the magistrate sustained Eberhard's motion for sanctions, holding that she should recover $9,716.85 in legal fees from plaintiffs. Eberhard filed a motion for clarification of the magistrate's decision, arguing: (1) the magistrate should have held that Eberhard could recover her legal fees from plaintiffs and/or appellant jointly and severally, and (2) the magistrate erred when it held that Eberhard "should recover from Plaintiff (`singular')." On February 16, 2000, the magistrate clarified its decision, holding that Eberhard should recover $9,716.85 from All Climate Heating Cooling and appellant.
On March 1, 2000, appellant filed objections to the magistrate's decision pursuant to Civ.R. 53. On September 20, 2000, the trial court overruled appellant's objections holding that since appellant was not a party to the action, he "does not *** have standing to raise independent objections to the Magistrate's decision under Civ.R. 53(E)(3)(a) or Loc.R. 99.05." The court thereafter stated that "after an independent analysis of the issues presented and application of the appropriate rules of law, finds no errors of law or other defects on the face of the Magistrate's decision. Accordingly, the Court hereby ADOPTS as its own and INCORPORATES HEREIN BY REFERENCE the Magistrate's decision of February 16, 2000." (Emphasis sic.) Appellant appeals the trial court's decision and presents the following five assignments of error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN, AFTER IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT ON A PARTY AND ON HIS ATTORNEY, IT DENIED THE ATTORNEY STANDING TO OBJECT TO SANCTIONS AGAINST HIM SOLELY BECAUSE THE PARTY/HIS CLIENT DID NOT FILE OBJECTIONS.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT UNDER PROVISIONS OF OHIO REV. C. § 2323.51.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN, AFTER IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND, AFTER IT OVERRULED DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT IT THEN IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT ON PLAINTIFF AND ON PLAINTIFF'S ATTORNEY FOR HAVING FILED THE COMPLAINT.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN, IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT ON PLAINTIFF'S ATTORNEY PURSUANT TO OHIO CIVIL RULE 11, DESPITE THE FACT THAT PLAINTIFF'S COUNSEL'S TESTIMONY ESTABLISHED FULL COMPLIANCE WITH RULE 11 AND WAS UNCONTESTED.
 V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED ATTORNEY FEES TO DEFENDANT-APPELLEE EBERHARD A. CONTRARY TO R.C. 2323.51,
 B. BASED ON A BILL IN CONFLICT WITH TESTIMONY OF APPELLEE'S COUNSEL AND, C. RELATED TO THE DEFENSE OF VALID CLAIMS; A MOTION WHICH WAS OVERRULED; WORK BY A LAW CLERK; AND, OVERHEAD.
Appellant argues in his first assignment of error that the trial court erred when it held he did not have standing to object to the sanctions imposed against him. Appellant also claims the trial court erred when it held appellant could challenge the sanctions against him only if plaintiffs authorized him to file objections.
The first question we will address is whether appellant had standing to appeal the trial court's decision. App.R. 4(A) states that a "party shall file the notice of appeal required by App.R. 3 within thirty days." An appeal lies only on behalf of a party aggrieved by the final order appealed from. Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174, 177. However, an attorney has standing to appeal sanctions imposed on him or her even though the attorney was not a named party to the complaint because the "imposition of sanctions upon the signing attorney pursuant to Civ.R. 11 is collateral and independent of the primary action." Jenkins v. Talda (Sept. 29, 1995), Franklin App. No. 95APE03-325, unreported, discretionary appeal not allowed (1994), 70 Ohio St.3d 1468. See, also, In re Estate of Cain (1994), 92 Ohio App.3d 835, 837, fn. 1; Pegues v. Freedom Fed. S L Assn. (Mar. 23, 1989), Franklin App. No. 88AP-631, unreported, dismissed (1989), 44 Ohio St.3d 713. Additionally, a party cannot file an appeal on behalf of his or her counsel because the party lacks standing to appeal a court's order imposing sanctions against the party's attorney. Evans v. Bossin (1995), 107 Ohio App.3d 544, 546. The sanctioned attorney "is the only person who can appeal the sanctions." Lemaster v. Bank One Columbus, N.A. (Aug. 25, 1998), Franklin App. No. 98AP-2, unreported. Accordingly, we find appellant has standing to appeal the sanctions imposed on him by the trial court.
The next question we will address is whether appellant had standing to file objections to the magistrate's decision imposing sanctions against him. Civ.R. 53(E)(3)(a) states that within "fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Loc.R. 99.05 of the Court of Common Pleas of Franklin County, General Division, similarly states that "[o]bjections and memoranda in support of objections to the [Magistrate's Order or Decision] may be filed by any party within 14 days in accordance with Civ.R. 53[E][2]."
The trial court held appellant could not file objections to the magistrate's decision because he was not a "party." However, a comparison of the appellate rules to the rules used by the trial court shows they both require the person or entity objecting to a magistrate's decision or appealing a trial court's decision to be a "party." But appellate courts interpret App.R. 4(A) to allow an attorney to have standing to appeal sanctions imposed upon him or her even though the attorney was not a named party to the complaint. Therefore, it is logical that an interpretation of "party" by the trial court should similarly allow an attorney not named as a party to the complaint to be allowed to file objections to a magistrate's decision. This logic is also demonstrated by Civ.R. 53(E)(3)(b), which states that a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." It would be illogical to allow an attorney to have standing to appeal sanctions imposed against him or her and then deny the attorney the right to file objections to a magistrate's decision in light of Civ.R. 53(E)(3)(b)'s requirement that no error may be assigned unless an objection was first filed in the trial court.
Accordingly, we find the trial court erred when it held appellant did not have standing to file objections to the magistrate's decision. Since Civ.R. 53(E)(4)(b) requires the trial court to "rule on any objections" and a review of the record shows the trial court did not rule on any of appellant's objections, appellant's first assignment of error is sustained. Because of our disposition of appellant's first assignment of error, we need not address appellant's second, third, fourth, and fifth assignments of error since the issues raised in them are not yet properly before this court. Therefore, the judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this decision.
 ____________ BROWN, J.
LAZARUS and BOWMAN, JJ., concur.