OPINION
{¶ 1} John Capps, plaintiff-appellant, appeals a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion for sanctions pursuant to Civ.R. 11 against counsel for Nael Milhem, defendant-appellee.
 {¶ 2} On June 28, 2000, appellant filed a complaint against appellee as a result of a collision between their motor vehicles. Apparently, appellee was out of the country around the time of the filing of the complaint, and, although the record does not reflect when appellee was actually served with the complaint, on February 20, 2001, appellee's counsel, Shawn Little, filed an answer on appellee's behalf. On April 16, 2001, appellee filed a motion to continue the July 5, 2001 trial date because his counsel would be on maternity leave until after August 20, 2001. Appellant did not oppose the motion, and the trial was rescheduled for September 19, 2001. On September 17, 2001, appellee again filed a motion to continue the trial date. In that motion, appellee's counsel indicated the reason for the continuance was that "Defendant is in Palestine and unable to be present at trial." Although appellant was prepared for trial and had traveled to Ohio from his home in North Carolina to attend the trial, appellant did not oppose the motion based upon the reason stated in appellee's motion. The trial was rescheduled for December 4, 2001.
 {¶ 3} On December 3, 2001, attorney Jane Wichman appeared on behalf of appellee and filed a request for a continuance of the December 4, 2001 trial date to allow her time to take the out-of-state deposition of a witness. The trial court granted the motion, and the trial was rescheduled for April 22, 2002. On March 6, 2002, attorney Joel McPherson appeared as counsel for appellee. On the trial date, the trial court referred the matter to a magistrate, and the trial was again continued until July 30, 2002.
 {¶ 4} After discovering that appellee was in the United States, appellant took appellee's deposition on June 19, 2002. During the deposition, appellee indicated that he had been out of the country only from May 28, 2000 through November 1, 2000, and had never left the country after November 2000. On July 25, 2002, appellant filed a motion for sanctions, requesting that the court conduct an evidentiary hearing to determine whether appellee's counsel had acted in bad faith by indicating in her September 17, 2001 motion for continuance that a continuance was necessary because appellee was in Palestine.
 {¶ 5} On July 30, 2002, a jury trial was held, after which a decision was rendered in favor of appellee. However, the entry of judgment based upon the verdict was delayed until the court could consider appellant's motion for sanctions. On August 22, 2002, appellant filed an amended motion for sanctions, which added various details based upon the transcript of appellee's recent deposition. On November 6, 2002, without conducting an evidentiary hearing, the court issued a decision and entry denying appellant's motion for sanctions, in which it found that there was no evidence that appellee's counsel willfully violated any portion of the Ohio Rules of Civil Procedure or that she had any knowledge that appellee was in the country when she requested the continuance. On February 12, 2002, the trial court issued its judgment. Appellant asserts the following assignment of error:
The Trial Court Abused Its Discretion In Denying Appellant's Motion For Sanctions Without Conducting An Evidentiary Hearing.
 {¶ 6} Appellant argues in his assignment of error that the trial court erred in denying his motion for sanctions, pursuant to Civ.R. 11, without conducting an evidentiary hearing. Civ.R. 11 provides:
Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.
 {¶ 7} There is no specific requirement in Civ.R. 11 that a hearing be held before determining the motion. However, this court has previously held that a trial court's denial of a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions. See Woodworth v. Huntington Natl. Bank (Dec. 7, 1995), Franklin App. No. 95APE02-219 (discussing hearing requirement under Civ.R. 11 and R.C. 2323.51), citing Micro Coatings, Inc. v. A-1 Advanced Plumbing, Inc. (Aug. 25, 1994), Franklin App. No. 94APE01-80 (hearing under R.C. 2323.51), and Kemp, Schaeffer Rowe Co., L.P.A. v. Frecker (1990), 70 Ohio App.3d 493, 498 (hearing under Civ.R. 11); see, also, Sidenstricker v. Miller Pavement Maintenance, Inc. (Oct. 25, 2001), Franklin App. No. 00AP-1146. Where there exists an arguable basis for an award of sanctions, a trial court must hold a hearing on the issue. Id. However, where the trial court determines that there is no basis for the imposition of sanctions, it may deny the motion without a hearing. Micro Coatings, supra (hearing under R.C. 2323.51), citing CM Newspapers, Inc. v. Dawson (Jan. 28, 1992), Franklin App. No. 91AP-1067.
 {¶ 8} In the present case, we find appellant has presented an arguable basis for sanctions so that a hearing on the motion for sanctions should have been held. The trial court found that there was no evidence that appellee's counsel willfully violated any portion of the Ohio Rules of Civil Procedure. Although we agree that appellant has presented no evidence that appellee's counsel knew that appellee was in this country when the motion for continuance was made, or that counsel failed to make a good-faith effort to determine his whereabouts, the only requirement necessary to demand a hearing is an arguable basis for sanctions, consistent with Woodworth. Because appellant's grounds, if proven true via evidence, could support the imposition of sanctions, such grounds constitute an "arguable basis." The trial court did not address these issues. Therefore, we find appellant's assignment of error well-taken.
 {¶ 9} Accordingly, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BOWMAN and WATSON, JJ., concur.