OPINION
{¶ 1} Appellant, Ohio Department of Job and Family Services ("ODJFS") timely appeals a September 14, 2006 decision of the Belmont County Court of Common Pleas. This entry awarded Appellee, Lela M. Roe, attorney fees in the amount of $7,794 following her administrative appeal to the common pleas court arising from ODJFS's decision on her application for Medicaid benefits. As grounds for the award of attorney fees, the Belmont County Court of Common Pleas found that the denial of Roe's application lacked legal basis and that Appellant engaged in frivolous conduct in the denial and subsequent request for additional information from Appellee. (Sept. 14, 2006, Judgment Journal Entry, ¶ 8.) For the following reasons, the trial court's decision must be reversed and remanded.
 {¶ 2} On appeal, neither party presented any procedural history in their respective briefs for this Court's benefit. However, we can glean certain information from the common pleas court's record. Roe filed her application for Medicaid on July 6, 2005, with the Belmont County Department of Job and Family Services ("BCDJFS"). Her application was denied on July 21, 2005. BCDJFS found that Roe's resources exceeded the eligibility limits of $1,500, citing OAC 5101:1-39-34.
 {¶ 3} After several phone calls back and forth between Roe's grandson/attorney and the agency, BCDJFS issued a letter further explaining its position. The agency stated that it was regarding the family trust as an improper *Page 3 
transfer of assets. They determined that the monies in the trust could be attributable to Roe as a resource. In this letter, it stated that it needed to verify whether Lela Roe ever had an ownership interest in the funds or property used to establish the trust. It indicated that the agency questioned why two of Roe's children were listed as settlors of the trust when the assets were to be divided among all three of her children upon her death. It also informed Roe that the agency sought documentation verifying the deposits made by the family to the family trust. (Aug. 10, 2005, letter.)
 {¶ 4} Thereafter, at Roe's request, a new denial letter was issued. This time, the agency cited 5101:1-39-05 in support of its denial. On September 12, 2005, Shirley Kildow, as attorney in fact for Roe, filed her request for a hearing on the denial of Roe's application for Medicaid.
 {¶ 5} The hearing occurred on October 4, 2005, and the ODJFS Bureau of State Hearings issued its decision on October 14, 2005. Under his analysis, the state hearing officer explained that he was sustaining the appeal, "with compliance, so that both parties will continue the Discovery process of requesting and sharing verification documents, concerning the source of the funds (or deposits) in the Trust, in order for the agency to come to a final determination as to the type of Trust that it is/ was and then to determine whether it should be counted as a resource." (Oct. 14, 2005, State Hearing Decision, pp. 3-4.) Part of the information sought was well beyond the look back period required by law. The hearing officer recommended that the agency provide Roe with a reasonable amount of time to provide the requisite information to determine the category of this trust and in order to ascertain if it was a countable *Page 4 
resource. The hearing officer indicated that the agency should then re-determine Roe's eligibility. (Oct. 14, 2005, Hearing Officer's Recommendations.)
 {¶ 6} Roe subsequently appealed to the ODJFS Bureau of State Hearings, Administrative Appeal Section, alleging that the decision was contrary to the evidence and that it failed to address the issue on appeal, resulting in prejudice. (Oct. 19, 2005, Administrative Appeal Request.) The administrative appeal officers affirmed the hearing officer's decision; thus, they upheld the requirement that Roe provide verification of the trust assets. (Nov. 4, 2005, Administrative Appeal Decision.)
 {¶ 7} Roe appealed this November 4, 2005, decision to the Belmont County Court of Common Pleas. Following the parties' submission of briefs, oral arguments, and proposed findings of fact and conclusions of law, the Belmont County Court of Common Pleas issued its Judgment Entry on May 20, 2006. It concluded in part that the funds deposited in the trust did not belong to Roe. It also found that Roe did not have the legal ability to access the trust assets. Thus, she did not have an ownership interest in the assets. The court also concluded that the trust terminated when the agency found that it was a resource offsetting her Medicaid benefits. The court held that the agency's requirement that Roe provide information beyond the look-back period was contrary to law. (May 30, 2006, Judgment Entry.) Thus, the court sustained Roe's appeal in full, vacated the agency's request for further information and determined that Roe was eligible for Medicaid as of her July 6, 2005, application. (May 30, 2006, Findings of Fact and Conclusions of Law.) *Page 5 
 {¶ 8} The ODJFS timely appealed the court of common pleas' May 30, 2006, decisions, but subsequently dismissed its appeal.
 {¶ 9} Thereafter, Roe filed her motion for attorney fees with the common pleas court. She sought attorney fees as the prevailing party, claiming that the agency's position was not justified and was contrary to law. (June 29, 2006, Motion for Compensation for Attorneys' Fees.) ODJFS filed a motion in opposition. In her reply brief to the ODJFS filing, Roe argued for the first time that the agency's position was not only contrary to law, but also frivolous, i.e., lacking any legal basis. (Aug. 7, 2006, Reply to Memorandum Opposing Appellant's Position for Attorney's Fees.) Without holding a hearing on the issue, the common pleas court awarded Roe $7,794 in attorney fees, finding that the agency's denial lacked legal basis. (Sept. 14, 2006, Judgment Journal Entry.) Appellant, ODJFS, timely appealed to this Court.
 {¶ 10} Appellant does not set forth actual assignments of error on appeal. Instead, it claims the common pleas court decision was flawed, and breaks down its argument as to this claim into four parts, which state:
 {¶ 11} "Attorney Fees Are Not Available Under R.C. 2339.35 For Medicaid Appeals.
 {¶ 12} "The Trial Court's Decision is Devoid Of Any Authority Justifying The Court To Award Attorney's Fees.
 {¶ 13} "The Trial Court Did Not Hold An Evidentiary Hearing Prior To Awarding Attorney Fees.
 {¶ 14} "ODJFS' Position Was Supported By Law And Facts." *Page 6 
 {¶ 15} Appellant first argues that the trial court erred in awarding attorney fees since they are not specifically available pursuant to R.C.2335.39, entitled, "[r]ecovery of attorney's fees by certain prevailing parties." As such, Appellant claims that the common pleas court lacked legal authority to award attorney fees.
 {¶ 16} As Appellant states, it seems that Appellee initially sought attorney fees pursuant to R.C. 2335.39, since she was the prevailing party. However, she later sought fees on the basis that the agency's actions constituted frivolous conduct. Admittedly, Appellee's requests did not directly cite R.C. 2335.39, 2323.51, or Civ.R. 11. The court's decisions granting fees also did not cite R.C. 2335.39, 2323.51, or Civ.R. 11.
 {¶ 17} However, contrary to Appellant's first two arguments, it appears clear that the common pleas court awarded attorney fees in this case after concluding that Appellant's arguments lacked any legal basis and, thus, were frivolous pursuant to Civ.R. 11 and/or R.C. 2323.51, which allows an award of attorney's fees as a sanction for frivolous conduct.
 {¶ 18} Civ.R. 11 states in pertinent part,
 {¶ 19} "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to *Page 7 
appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.* * *."
 {¶ 20} R.C. 2323.51(2)(ii) defines "frivolous conduct" in part as, "not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."
 {¶ 21} Of course, in this matter the common pleas court was acting in an appellate review capacity of an administrative position. Despite this, certain of the civil rules apply, of necessity, to an administrative appeal before the common pleas court. Also, while the rule speaks to sanctioning an attorney or pro se party, it does not appear to preclude an award directly against a represented party where frivolous conduct has occurred.
 {¶ 22} Turning to the record, it is apparent that the common pleas court found in part:
 {¶ 23} "4. That * * * [ODJFS's] Medicaid Denial which claimed that [Roe] had access to the trust assets was without legal basis or legal merit.
 {¶ 24} "* * *
 {¶ 25} "8. That * * * [Roe's] Motion and Reply Brief indicate that the Medicaid Denial of * * * [her] Application for Medicaid was lacking legal basis or merit; and therefore, the Ohio Department of Job Family Services' denial and request for further information were frivolous.
 {¶ 26} "9. That * * * [Roe] presented undisputed evidence that she incurred in excess of Seven Thousand Seven Hundred Ninety-four Dollars ($7,794.00) in *Page 8 
attorney's fees to defend her Application for Medicaid and appeal the [ODJFS's] denials that lacked legal basis." (Sept. 14, 2006, Judgment Journal Entry.)
 {¶ 27} It is evident from this record that the court of common pleas awarded Roe attorney fees pursuant to R.C. 2323.51 or Civ.R. 11, and not R.C. 2335.39. Thus, Appellant's first two parts of its argument on appeal lack merit and the common pleas court had the legal authority to award attorney fees in this matter.
 {¶ 28} However, Appellant's third claim on appeal does have merit. It alleges that the court erred in failing to hold an evidentiary hearing prior to its award of attorney fees.
 {¶ 29} As Appellant contends, it has been repeatedly held that a court must conduct a hearing prior to issuing an award of attorney fees pursuant to Civ.R. 11 and R.C. 2323.51. Rondini v. Seman, 11th Dist. No. 2002-L-017, 2002-Ohio-6590; ¶ 8, Pisani v. Pisani (1995),101 Ohio App.3d 83, 87, 654 N.E.2d 1355, Kemp, Schaeffer Rowe Co. v.Frecker (1990), 70 Ohio App.3d 493, 497-498, 591 N.E.2d 402. A hearing is necessary to provide, "the attorney who signed the complaint or motion an opportunity to state the good-faith basis upon which he filed the complaint." Rondini, supra, ¶ 7, quoting Nozik v. Sanson (June 8, 1995), 8th Dist. No. 68269, at 2.
 {¶ 30} Further R.C. 2323.51(B)(2)(c) requires a court to hold a hearing before awarding attorney fees as a sanction for frivolous conduct.
 {¶ 31} Appellee Roe argues that, since written memoranda was filed by both sides, an oral hearing on this issue was unnecessary. However, there is no indication in the trial court's record that Appellant waived its opportunity for an actual *Page 9 
hearing on this issue. In addition, as explained later, the record is far from complete as to this matter. Based on the law and the somewhat incomplete record, here, we find that the trial court abused its discretion in awarding attorney fees without first providing Appellant a hearing to explain the legal basis upon which its decisions and arguments were based and an opportunity to challenge the reasonableness of the fee request. This failure requires us to remand this matter for the trial court to provide the necessary hearing as required by R.C.2323.51(B)(2)(c) and applicable caselaw.
 {¶ 32} In Appellant's final claim it alleges that its legal position and argument was supported by the law and facts, contrary to the trial court's decision. Specifically, Appellant argues that it had evidence to support its suspicion that the trust at the center of the dispute contained improper sums deposited into it from Lela Roe. Appellant asserts that if any of the trust assets came from Roe, then the trust must be counted against the $1,500 limit, which is the maximum amount in assets an applicant is allowed and still receive benefits. Appellant also claims the fact that Roe's children created this trust on her behalf is suspect, since children rarely create trusts for aging parents. As such, Appellant claims that it required confirmation of the source of the trust assets before granting Appellee Medicaid benefits.
 {¶ 33} Roe argues that she presented all the information required of her going back thirty-six months which is the look back period according to law. She states that this information established that the funds used to form the trust were not hers. She also points out that at least some of the information requested goes beyond the look *Page 10 
back period established by law for the agency and appears to be based on unsupported suspicions.
 {¶ 34} Because the focus of the parties' arguments to the common pleas court was the threshold question as to whether the court could award fees to Roe on any basis, the record here is incomplete. Once the necessary evidentiary hearing is held, the court will be able to determine both the question as to Appellant's claims of good faith behavior and the reasonableness of the fees, the very reason that a hearing is mandated in these matters. Rondini, supra, at ¶ 8. Accordingly, on the basis that this hearing was not held, we must sustain Appellant's argument on appeal, and remand this matter for the necessary evidentiary hearing.
 {¶ 35} Accordingly, the decision of the Belmont County Common Pleas Court is hereby reversed and remanded. On remand, the trial court must provide the requisite hearing and opportunity for Appellant's counsel to establish the alleged basis for its actions in this case before an award of attorney fees can be made pursuant to R.C. 2323.51 or Civ.R. 11.
 Donofrio, J., concurs. DeGenaro, P.J., concurs. *Page 1