**ATRAM, Appellant and Cross–Appellee,**

v.

**STAR TOOL & DIE CORPORATION, Appellee and Cross–Appellant, et al.**

[Cite as *Atram v. Star Tool & Die Corp.* (1989), 64 Ohio App.3d 388.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56403.

Decided Dec. 26, 1989.

*Leonard F. Lybarger,* for appellant and cross-appellee.

*Thomas J. Friel,* for appellee and cross-appellant.

FRANCIS E. SWEENEY, Judge.

Plaintiff-appellant Abdullatif M. Atram ("Atram") appeals from the trial court's judgments denying his request for attorney fees and vacating the jury's verdict finding defendant Joseph Molnar ("Molnar") jointly and severally liable. Defendant Star Tool & Die Corporation ("Star") cross-appeals and challenges the court's rulings on its motions for (1) summary judgment, (2) a directed verdict, (3) a judgment notwithstanding the verdict, and (4) a new trial. For the following reasons, we affirm in part and reverse and remand in part.

Atram recovered a $50,000 verdict against Star and Molnar, its president, for having fraudulently induced the appellant to relinquish his existing employment at Haylo Manufacturing Company ("Haylo") in order to work for Star.

In September 1986, Atram approached Molnar for employment. Molnar made express representations to Atram that if he quit his current job and came to work for Star, Molnar would train him to operate each of the machines in his shop. After giving a week's notice, Atram left his job at Haylo and began work for Star on September 22, 1986. Molnar discharged Atram after only one day of work, claiming he did not have time to train him.

Atram alleged, and the jury found, that Molnar never intended to fulfill his promise to train Atram and thereby had committed a fraud against him. The

jury found[1] for Atram against both the corporation Star and its president Molnar.

After trial, defendants filed a motion for judgment notwithstanding the verdict, which was granted in part. The court set aside and vacated the verdict against Molnar, finding that Molnar at all times acted within his official capacity as president of Star.

The court also denied Atram's post-trial motion for attorney fees, noting that as Atram had voluntarily waived his right to seek punitive damages, he also waived his right to seek attorney fees.[2]

Atram appeals and asserts two assignments of error for our review. Star cross-appeals and asserts four assignments of error.

## I

"The trial court erred in its order dated August 22, 1988 overruling the post-trial motion by plaintiff-appellant, Abdullatif M. Atram, for payment of attorneys' fees and expenses as costs."

Atram contends that the court erred in overruling his post-trial motion for attorney fees. Atram argues (1) the fees should have been allowed because appellees' conduct involved fraud, and (2) his waiver of his right to pursue punitive damages did not include waiver of his right to seek as additional damages attorney fees.

■ The award of attorney fees is appropriate in two specific instances. The first instance, where statutorily authorized, is not applicable. The second instance is where punitive damages are appropriate, *e.g.*, in tort cases involving fraud, insult or malice. *Columbus Finance v. Howard* (1975), 42 Ohio St.2d 178, 71 O.O.2d 174, 327 N.E.2d 654.

■ However, in cases alleging fraud, in order to be awarded punitive damages, the plaintiff must establish not only the elements of the tort itself, but must also show either the fraud is aggravated by the existence of malice or ill will or must demonstrate that the wrongdoing is particularly gross or egregious. *Charles R. Combs Trucking, Inc. v. International Harvester Co.* (1984), 12 Ohio St.3d 241, 245, 12 OBR 322, 325–326, 466 N.E.2d 883, 888,

---

1. Atram alternatively argued that if Molnar did intend to train him but later changed his mind, Molnar breached their verbal agreement. The jury rejected the breach of contract claim.

2. At the outset of the trial, Atram waived his right to present evidence in support of his claim for punitive damages. Atram did not waive his right to receive attorney fees from the jury, but was prevented from doing so by order of court which granted defendants' motion *in limine.*

citing *Logsdon v. Graham Ford Co.* (1978), 54 Ohio St.2d 336, 340, 8 O.O.3d 349, 352, 376 N.E.2d 1333, 1336, fn. 2.

■ Actual malice has been defined as (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus. However, punitive damages need not actually be awarded before a court can award attorney fees. *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 49, 11 OBR 79, 82, 463 N.E.2d 61, 66.

■ In this case, Atram presented evidence establishing intentional fraud committed in bad faith in a deliberate, malicious and reckless manner.

Molnar's testimony and payroll records revealed that he was hiring and firing people on almost a weekly basis. The person Atram replaced was let go after just one week of work, and the person who succeeded Atram likewise was discharged after only one week of work. Several witnesses testified that there were from forty to sixty employees hired and discharged from late 1985 to December 1986. None of these discharged employees could be eligible for health insurance (they had to work ninety days) or paid holidays and vacations (eligible for these benefits after one year). This evidence, combined with Atram's testimony that Molnar confirmed his promises on three separate occasions prior to Atram commencing work and Molnar's untruthful statements regarding the number of employees who had been terminated,[3] apparently convinced the jury that Molnar acted in a deliberate, intentional and malicious manner in inducing Atram to give up his job at Haylo in order to work for him. Thus, ample evidence existed in the record for the jury to conclude that Molnar acted with actual malice or that the wrongdoing was particularly gross or egregious.

Having found punitive damages could properly have been awarded, we conclude that attorney fees may be awarded.

■ In determining the amount of attorney fees, the trial court should consider (1) the time and labor involved in maintaining the litigation, (2) the novelty, complexity, and difficulty of the questions involved, (3) the professional skill required to perform the necessary legal services, (4) the experience, reputation or ability of the attorney, (5) the miscellaneous expenses of the litigation, (6) the fee customarily charged in the locality for similar legal

---

**3.** Molnar at first stated that only seventeen employees had been terminated within the fifteen-month period, yet on cross-examination admitted the number let go was at least forty-seven.

services, and (7) the amount involved and the results obtained. *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 41, 543 N.E.2d 464, 469–470.

This case is remanded back to the trial court for a hearing on the issue of attorney fees. This assignment of error is sustained.

## II

"The trial court erred in its order dated September 6, 1988 granting in part defendants' Star Tool & Die Corporation and Joseph Molnar's motion for judgment notwithstanding the verdict by setting aside and vacating the judgment entered on the verdict for the plaintiff as against defendant Joseph Molnar."

■■■■ Atram contends that the trial court erred in vacating the judgment against defendant Molnar and dismissing him from the case. This contention has merit.

Ohio law provides that a corporate officer can be held personally liable for a tort committed while acting within the scope of his employment. *Bowes v. Cincinnati Riverfront Coliseum, Inc.* (1983), 12 Ohio App.3d 12, 18, 12 OBR 97, 103, 465 N.E.2d 904, 911. See, generally, 12 Ohio Jurisprudence 3d (1979) 127–128, Business Relationships, Section 346:

"Agents, like other persons, are bound to exercise ordinary care in the performance of their duties. If an agent fails to exercise care, and negligently or intentionally causes injury to another, the fact of agency will not relieve him of liability, and this is so even though the principal may be liable also. This general principle is applicable to corporate officers and agents. So, if a corporate officer commits a tort while in the performance of his duties, not only the corporation but the officer also will be liable for the wrongful acts. * * * *"

The jury by its verdict found that defendant Molnar intentionally misrepresented himself to Atram in connection with his promises to train Atram to become a skilled machinist. Molnar made his fraudulent statements as president of his own corporation and while carrying out company business. Thus, under Ohio law, both he and his company are liable for his intentional misrepresentations. This assignment of error is sustained.

The order of the trial court is reversed, and the case is remanded to the trial court to reinstate the judgment against Molnar.

III

Cross-Assignments of Error

"I.  The court erred in overruling defendant's motion for summary judgment.

"II.  The court erred in overruling defendant's motion for a directed verdict to dispose of the plaintiff's case.

"III.  The court erred in overruling defendant's motion for judgment NOV.

"IV.  The court erred in overruling defendant's motion for new trial."

█ Cross-appellant Star has filed a brief that fails to comply with App.R. 12(A), App.R. 16 and Loc.R. 6 of the Eighth Appellate Judicial District.  As its brief fails to address in any meaningful way the specific assignments of error assigned, this court summarily rejects its cross-appeal.  *Contel Credit Corp. v. Rosenblatt* (1988), 43 Ohio App.3d 113, 539 N.E.2d 708.

The judgment is affirmed in part, reversed in part and remanded.

*Judgment accordingly.*

JOHN V. CORRIGAN, P.J., and DAVID T. MATIA, J., concur.