JOURNAL ENTRY AND OPINION
This is an appeal from a jury verdict following a trial before Judge Nancy R. McDonnell and from an order denying appellants Gary and Sylvia Caprettas' motion for judgment not withstanding the verdict (J.N.O.V.) or a new trial. The jury verdict awarded compensatory damages and attorney fees but no punitive damages to the Caprettas on their claims of breach of contract and fraud in their purchase of a home. They assert it was error to vacate that portion of the verdict awarding attorney fees (despite the absence of punitive damages); that the jury should have received additional instruction advising that a punitive damage award is a prerequisite to an award of attorney fees, and that the judge should have entered judgment on their claim for punitive damages in the amount of one penny or granted them a new trial. We do not agree and affirm.
The record discloses that in May 1996, the Caprettas purchased a residence at 17167 Goldenstar Drive, Strongsville, Ohio, from appellees Kenneth Goodson, Norma Goodson, and Mildred Laws (the Goodsons) for $149,000. While the disclosure statement accompanying the purchase agreement indicated that the home was absolutely free of defects and problems, the Caprettas' inspector submitted a report noting a few specific problems that included questions about the furnace, air conditioning, window seals, and bees. After the Goodsons claimed to have resolved these problems the Caprettas took possession in July 1996.
In September 1996, when the Caprettas noticed water present around the interior wall of the family room and sun room, they removed some dry wall and discovered deterioration and rot attributable to a roof leak. They also discovered that neither the air conditioner nor two of the windows had been fixed, an exterior gas light did not function, and the indoor-outdoor carpeting covering an exterior concrete walkway concealed various cracks.
The Caprettas filed a complaint alleging breach of contract and fraud on April 28, 1998. At trial they submitted into evidence copies of various bids for the repairs, including an April 1999 proposal for the repairs of the walls and the concrete walk totaling $5,667, separate bids of $660 and $1,200 to repair only the concrete walk, a June 1998 receipt for $350 reflecting patchwork done to the roof, and a March 1999 bid for $8,000 to repair the roof. The Caprettas also contended that the seals of two windows still allowed moisture to leak between the panes and they replaced all the windows at a cost of $5,410.
After the parties rested, the judge went through each instruction with the lawyers and noted that the punitive damage instruction is right out of OJI. Neither attorney objected, and the judge indicated to Capretta's attorney that the instruction was exactly as you gave it to me * * *. Capretta's proposed jury instruction provided a substantially similar punitive damages instruction as that found at OJI 23.71, ¶¶ 1-6, and ¶¶ 9-10, but it separately listed an attorney fee instruction as found at OJI 23.71, ¶ 11. The judge then instructed the jury as follows:
 Punitive damages. You will also decide whether the defendant shall be liable for punitive damages in addition to any other damages that you award to the plaintiff.
 The purpose of punitive damages are to punish the offending party and make the offending party an example to discourage others from similar conduct.
 You will also decide whether the defendant shall be liable for punitive damages in addition to any other damages that you award to the plaintiff. The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct.
 You may decide that the defendant is liable for punitive damages if you find by clear and convincing evidence that the defendant's acts or failures to act demonstrated malice, aggravated or egregious fraud, oppression, or insult, and the plaintiff has presented proof of actual damages that resulted from those acts or failures to act of the defendants.
 Malice. Malice includes that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge.
 Aggravated or Egregious Fraud. Fraud is aggravated if it is accompanied by the existence of malice or ill will. Fraud is egregious if the fraudulent wrongdoing is particularly gross.
 Oppression. Oppression is an act or series of acts that wrongfully subject the victims to harm or hardship by the unjust or cruel use of force or authority.
 Insult. Insult means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.
 Clear and convincing. To be clear and convincing, the evidence must have more than simply a greater weight than the evidence opposed to it, and must produce in your minds a firm belief or conviction about the facts to be proven.
The actual instruction did not include some of the instructions suggested by the Cabrettas, including that instruction found at ¶ 10 regarding the amount of punitive damages[1] or the attorney fee provision found at ¶ 11.[2] At the conclusion of all the instructions, the judge conducted a sidebar conference where, despite the above omissions, both lawyers affirmatively stated that each had no objection to charge.
After deliberation, all eight jurors found in favor of the Cabrettas for $1,800 in actual damages. In a separate verdict form, six jurors provided as follows:
 In addition to actual damages, we, the jury, make an additional award to the plaintiffs GARY and SYLVIA CAPRETTA, for punitive damages and award the plaintiff the sum of $ None* and we decide that attorney fees should * * be awarded against the defendants, KENNETH and NORMA GOODSON.[3]
After verdicts were read into the record, the following exchange occurred outside the presence of the jury:
 [CABRETTAS' ATTORNEY]: I believe there is an inconsistencyin the verdict forms. I don't believe you can award attorney fees without an award of punitive damages.
 I would request that the Court ask them to make that correction with respect to their ruling and advise them that the verdict has been inconsistent.
* * *
 [GOODSONS' ATTORNEY]: Well, I agree. Obviously, my position would be that without punitive damages, there are no attorney fees.
 [CABRETTAS' ATTORNEY]: I would suggest that the jury instruction — as you know, I didn't object at the time — appears to be ambiguous to some extent. I would ask the court at this time to make that correction. The jurors are here. They can go ahead and resolve this inconsistency.
 THE JUDGE: [To bailiff,] do you have the instructions? You can take a look at the jury verdict forms.
 Well, the charge itself just talked about punitive damages and what allows for punitive damages. It does not make any statement regarding the attorney fees.
 The only mention of attorney fees is actually in the verdict form. Am I right?
 [GOODSONS' COUNSEL]: I though you read it to them. They could I have a copy.
 THE JUDGE: I'm looking through mine. I think that I just read the jury verdict forms.
 [CAPRETTA'S COUNSEL]: It should specify that in order to find attorney fees —
THE JUDGE: I did at some point.
 [GOODSONS' COUNSEL]: I don't remember, your Honor.
 [CAPRETTA'S COUNSEL]: This Court at this point has the opportunity to resolve the ambiguity here. I would ask the Court to further instruct with reference to the inconsistency and have the jurors go back and redeliberate and resolve their inconsistency.
[GOODSONS' COUNSEL]: I would object, your Honor.
 THE JUDGE: Well, here's the thing. They made their finding. There is no punitive damages. So if there is no punitive damages, then that actually resolves the question, I believe.
 [GOODSONS' COUNSEL]: I believe it does, as a matter of law.
 [CAPRETTA'S COUNSEL]: Your Honor, I think that they intended to give attorney fees. If they knew that it was a precondition to giving attorney fees, to have at least given one dollar for punitive damages.
 I think it's very clear from the verdicts that the jurors expressed an intent to award attorney fees. They didn't intend to certify any kind of punishment against the defendants by way of punitive damages.
 However, if they were award of the fact that in order to get into attorney fees that they had to award one dollar in punitive damages, they would have done that.
 [GOODSONS' COUNSEL]: That's why you are not entitled to your attorney fees.
 [CAPRETTAS' COUNSEL]: But it wasn't clear to them. It's obvious that they would have come back with zero — they would have come back with zero attorney fees if they knew they weren't allowed to award them because they didn't award punitive damages. There is obviously a conflict with reference to the forms and their decision. We are at a point right now when we can resolve it.
 I'm going to request this Court to go back and instruct the jury, and [Goodsons' attorney] can preserve this issue on appeal.
 [GOODSONS' COUNSEL]: You can preserve it for appeal.
 [CAPRETTAS' COUNSEL]: No, I don't think that its going to be available to me on appeal down the road. We are here right now. We can correct it now. * * * We litigated the case in its entirety. We have got eight folks here who have heard the case. We don't have to litigate it again two years from now.
 We can resolve this discrepancy right now with this jury, and then we can see whether or not this, in fact, was appropriate, in the Court of Appeals.
 THE JUDGE: I'm not going to instruct them further. I think that because they found that there were no punitive damages, they have already decided that issue, and the issue of attorney fees actually becomes moot as soon as the issue of punitive damages is decided.
 I'm not going to instruct them further, and, obviously, I note your objection.
The judge entered judgment on the jury verdict in the amount of $1,800 with no punitive damages and vacated that portion of the verdict awarding attorney fees as punitive damages were not found. As a matter of law attorney fees cannot be awarded if punitive damages are not awarded. The judge later denied the Caprettas' motion for judgment notwithstanding the verdict under Civ.R. 50 or, in the alternative, motion for new trial under Civ.R. 59 which was based upon the inconsistent punitive damage/attorney fee verdict.
The Caprettas raise five assignments of error which we will consider together:
 I. WHETHER THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR BY NULLIFYING THE JURY VERDICT AWARDING ATTORNEY FEES.
 II. WHETHER GOODSON WAIVED ANY RIGHT TO RELIEF BY OBSTRUCTING FURTHER JURY DELIBERATION.
 III. WHETHER THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT INSTRUCTING THE JURY FURTHER AFTER THE INITIAL VERDICTS SO AS TO RESOLVE ANY INCONSISTENCY IN ITS VERDICT.
 IV. WHETHER THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT GRANTING APPELLANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND AWARD APPELLANT[S]/PLAINTIFFS ONE CENT ($.01) AS PUNITIVE DAMAGES.
 V. WHETHER THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT GRANTING PLAINTIFFS/APPELLANTS' MOTION FOR NEW TRIAL.
While the Caprettas acknowledge that attorney fees could not be awarded in this case absent a punitive damages award, they nonetheless contend that the jury was misled when the instructions did not properly include the missive allowing attorney fees only if the jury made a finding of punitive damages. They also contend the Goodsons waived an objection to the award of attorney fees because they never objected to the verdict form. Additionally, the inconsistency could have been resolved if the Goodsons had not knowingly and intentionally obstructed their request that the judge further instruct the jury that a punitive damages award is a condition precedent to an attorney fee award.
The Caprettas submit that, given the jury's clear intent to award attorney fees, the judge should have entered judgment against the Goodsons for punitive damages and awarded one penny, a sum which would neither punish nor set an example, but would simply give effect, ratify and sanction the jury's clear and un[-]mistaken intention. Alternatively, they argue that, even if they were not entitled to a J.N.O.V, they were entitled to a new trial in accordance with Civ.R. 49(B) given the inconsistency in the verdict form and the Goodsons' failure to object to the form.
The Goodsons counter that the Caprettas are not entitled to a new trial or a J.N.O.V. because they are not entitled to attorney fees absent an award of punitive damages and that the judge correctly nullified the verdict to conform to the law on attorney fees. They also stress that the Caprettas waived this court's review of the attorney fee issue because they failed to object to the initial instruction.
In Digital Analog Design Corp. v. North Supply Co. (1992),63 Ohio St.3d 657, 662, 590 N.E.2d 737, the Supreme Court considered the purpose and nature of an attorney fee award in the context of punitive damages:
 The award of attorney fees, although seemingly compensatory and treated as such in the model jury instruction, does not compensate the victim for damages flowing from the tort. Rather, the requirement that a party pay attorney fees under these circumstances is a punitive (and thus equitable) remedy that flows from a jury finding of malice and the award of punitive damages. There is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11.
Most courts hold that the jury must actually award punitive damages before an award of attorney fees is proper. Tulloh v. Goodyear Atomic Corp. (1994), 93 Ohio App.3d 740, 756, 639 N.E.2d 1203.
In Tulloh, the judge gave a proper punitive damages/attorney fees instruction but, after awarding compensatory damages, the jury concluded that Tulloh was not entitled to punitive damages but was entitled to attorney fees. The judge immediately pointed out that verdict regarding punitive damages and attorney fees may be inconsistent. The attorneys and the judge agreed to discharge the jury and address the problem later and the judge then vacated that portion of the verdict regarding attorney fees. The Pike County Court of Appeals affirmed the order vacating the award, concluding that where the jury was discharged without any attempt to reconcile its somewhat inconsistent determinations, we agree that an award of punitive damages was a prerequisite to an award of attorney fees. Id. at 757.
Unlike the jury instructions in Tulloh, the jury instruction given here did not include, as the Caprettas had proposed, an instruction allowing for the consideration of attorney fees upon an award of punitive damages. In addition, the Caprettas' attorney affirmatively asserted that he had no objection to the instructions when given the opportunity to challenge them before the jury retired. This failure to object to the instruction directly contributed to the errors of which they now complain. Civ.R. 51(A) provides in part that [o]n appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection [Emphasis added].
We will not review the initial instruction absent plain error. The Supreme Court has described the plain error doctrine as follows:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus. We do not find such error here.
The Caprettas argue that they were entitled to an additional instruction pursuant to Civ.R. 49(B) because the verdict was inconsistent. In pertinent part, that rule provides:
 When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.
The purpose of using interrogatories is to test the general verdict. Colvin v. Abbey's Restaurant, Inc. (1999), 85 Ohio St.3d 535, 538,709 N.E.2d 1156.
In the present case, the parties did not use interrogatories. Rather, they used two general verdict forms: one for compensatory damages; the other for punitive damages and attorney fees. Without the full punitive damage/attorney fee instruction, the verdict form reasonably led the jurors to believe that they had the legal authority to award attorney fees without awarding punitive damages. As such, the jury rendered a verdict on punitive damages and attorney fees consistent with both the instruction given and the direction on the verdict form. That verdict, however, was contrary to the law as it pertained to an attorney fee award, and the Goodsons' attorney timely objected to the verdict. As the Caprettas' attorney acknowledged below,
 It's very clear from the verdicts that the jurors expressed an intent to award attorney fees. They didn't intend to certify any kind of punishment against the defendants by way of punitive damages. * * * It's obvious that they would have come back with zero — they would have come back with zero attorney fees if they knew they weren't allowed to award them because they didn't award punitive damages.
The Caprettas essentially wanted the jurors to reconsider their punitive damage award to justify their attorney fee award. Such additional instruction would have run afoul of both Digital Analog Design and the American Rule,[4] since an award of attorney fees is a punitive remedy flowing from a jury finding of malice and the award of punitive damages; attorney fees are not intended to compensate the victim for damages flowing from the tort. Moreover, we do not consider the Goodsons' attorney's otherwise proper objection as an improper obstruction to the Caprettas' request for re-instruction.
The dissent's claim that punitive damages need not actually be awarded before a court can award attorney fees reflects his misapprehension of the claims in this case. The Caprettas alleged breach of contract and fraud, and a party seeking to recover attorney fees on a breach of contract claim may do so only if the parties contracted to reimburse the prevailing party for the cost of enforcing the contract terms. Brzezinski v. Feuerwerker (Sept. 4, 2000), Cuyahoga App. No. 74288, unreported. Because the verdict form for compensatory damages did not differentiate between the contract and fraud claims, we cannot assume that the jury attributed any part of the $1,800 award to their fraud claim. They were not, therefore, entitled to attorney fees under Atram v. Star Tool Die Corp. (1989), 64 Ohio App.3d 388, 581 N.E.2d 1110.
Therefore, it was not error to deny the request to re-instruct the jury, vacate that portion of the award related to attorney fees, and deny the motions for J.N.O.V. and new trial.
Judgment affirmed.
It is ordered that the appellees recover from appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ ANNE L. KILBANE, J.
KENNETH ROCCO, J., CONCUR; TERRENCE O'DONNELL, P.J., DISSENTS (SEE DISSENTING OPINION).
[1] AMOUNT. If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive, nor influenced by passion, sympathy, or prejudice. Ohio Jury Instruction (OJI), 23.71, ¶ 10.
[2] ATTORNEY FEES. If you decide that the defendant is liable for punitive damages, you must also decide whether or not the defendant is liable for the attorney fees of counsel employed by the plaintiff in the prosecution of this action. (If you decide that the defendant is liable for those attorney fees, the Court will determine the amount.) Ohio Jury Instruction (OJI), 23.71, ¶ 11.
[3] The following explanation is found at the bottom of the verdict form: * Insert in ink either `None' or the dollar amount[,] [and] * * Insert in ink either `should' or `should not'. See OHI 23.71, ¶ 12.
[4] E.g., Pegan v. Crawmer (1997), 79 Ohio St.3d 155, 156,679 N.E.2d 1129 ([I]n the absence of statutory authorization or a finding of conduct that amounts to bad faith, a prevailing party may not recover attorney fees.)