I disagree with the decision to affirm the judgment of the trial court in this instance. In my view, the jury returned what it believed to be an acceptable verdict in accordance with the instructions it received, but had no idea that its judgment could have been interpreted as inconsistent.
This is so because, for whatever reasons, the jury instruction did not indicate that an award of punitive damages needed to be made before the jury considered the award of attorney fees. Inadvertently, that jury instruction was omitted from the court's charge.
The problem compounded when, upon receipt of the apparently inconsistent verdict, the court did not revisit the issue with the jury in an effort to resolve the inconsistency.
When this circumstance presents itself, two mutually exclusive options arise: one, to consider vacating the award of attorney fees or two, to consider that because the jury had already expressed its intent to award attorney fees, to further allow it to reconsider an award of punitive damages. Here, the court arbitrarily selected the first option which denied jury consideration of the second.
On appeal, no error is assigned to us regarding the jury instructions; accordingly, I do not believe these issues are waived. Indeed, they are not raised. Rather, a proper and timely request for a jury clarification of an apparent inconsistency in the verdict was not allowed. The trial court ruled the issue of attorney fees moot with the denial of the punitive damage award.
My chief concerns here are threefold: that the jury had been asked to consider compensatory, punitive and attorney fee awards without complete instructions as had been given in Tulloh v. Goodyear Atomic Corp. (1994), 93 Ohio App.3d 740; that no opportunity was given to have the jury resolve the dispute or reconcile its verdicts; and that the court ruled contrary to reported authority in this district to the effect that punitive damages need not actually be awarded before a court can award attorney fees. See Atram v. Star Tool Die Corp. (1989),64 Ohio App.3d 388, citing Oakwood v. Makar (1983), 11 Ohio App.3d 46.
The timely request for the jury to reconcile the inconsistent verdict or the motion for new trial should have been granted. I would assert the failure to do so constituted an abuse of discretion because we now will never be able to determine what the jury would have done had proper instructions been given at the time of the initial charge or following the verdict when the jury upon instruction could have revisited the issue and clarified the inconsistency. The only fair solution at this time, it seems to me, is to grant a new trial, and I would do so.