JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Ohio City Orthopedics, Inc. ("Ohio City"), appeals from the judgment of the Cuyahoga County Common Pleas Court granting in part the motion for summary judgment of defendants-appellees, Medical Billing and Receivables, Inc. ("Medical Billing") and Krista Stafford, its president and sole shareholder. Finding no merit to appellant's appeal, we affirm.
 {¶ 2} Medical Billing is a company in the business of providing software sales and medical billing services. In November 1997, Ohio City entered into an agreement with Medical Billing for the purchase of billing software. John Paxson, who worked for Medical Billing as an independent contractor, signed the agreement on behalf of Medical Billing (known at that time as Western Reserve Management Systems).
 {¶ 3} Ohio City subsequently decided to outsource all of its patient billing to Medical Billing, rather than perform the billing in-house. Accordingly, in January 1998, Ohio City signed a billing agreement with Medical Billing so that Medical Billing could perform all of Ohio City's billing.
 {¶ 4} Not satisfied with Medical Billing's service, however, in April 1999, Ohio City ended its relationship with Medical Billing. Subsequently, Ohio City filed its complaint against Medical Billing and Stafford, in her individual capacity as president and sole shareholder of Medical Billing. In its complaint, Ohio City alleged that appellees breached the contract by failing to perform their duties according to the terms of the contract, made fraudulent representations to induce Ohio City to enter into the contract, and breached their "duty of reasonable care in their performance of the services they were to provide [Ohio City]" by "failing to perform adequately and failing to mitigate any damages caused by their breach," a claim that appellant denominated as "negligence."
 {¶ 5} Appellees subsequently moved for summary judgment.[1] The trial court granted appellees' motion with respect to Stafford, finding that Stafford was immune from corporate liability as an officer of the corporation and that appellant had not produced evidence sufficient to pierce the corporate veil. The trial court denied appellees' motion for summary judgment regarding Medical Billing, finding that there were issues of fact regarding Medical Billing's liability to appellant.
 {¶ 6} After dismissing their claims against Medical Billing pursuant to Rule 41(A), appellant timely appealed, raising two assignments of error for our review. Both assignments of error challenge the trial court's decision granting summary judgment on all claims brought against Stafford in her individual capacity.
 SUMMARY JUDGMENT STANDARD {¶ 7} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 368-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To obtain a summary judgment under Civ.R. 56(C), the moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997),77 Ohio St.3d 421, 430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56(C). Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326, 333.
 PIERCING THE CORPORATE VEIL {¶ 8} In its first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of Stafford on its claims against her in her individual capacity because there are issues of fact regarding whether Stafford was the alter ego of Medical Billing, thereby allowing appellant to pierce the corporate veil and find her individually liable.
 {¶ 9} Generally, an individual officer or shareholder will not be held liable for the acts or debts of a corporation. Belvedere CondominiumUnit Owners' Assn. v. R.E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274,287, citing Presser, Piercing the Corporate Veil (1991) 1-4. An exception to this rule exists, however, where the individual sought to be held liable is indistinguishable from or the "alter ego" of the corporation itself. Id., citing Presser, supra.
 {¶ 10} As the Ohio Supreme Court held in Belvedere, the corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when "1) control over the corporation by those to be held liable was so complete that the corporation had no separate mind, will, or existence of its own, 2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and 3) injury or unjust loss resulted to the plaintiff from such control and wrong. Id., paragraph three of the syllabus.
 {¶ 11} Appellant contends that as the party moving for summary judgment, Stafford bore the burden of establishing that no genuine issue of material fact existed as to whether she should not be personally liable. Appellant asserts that because Stafford did not produce tax records or other documents demonstrating that corporate formalities were followed, sufficient assets were maintained to satisfy foreseeable debts and liabilities and a corporate identity separate from her own personal dealing was maintained, she failed to meet her evidentiary burden. We disagree.
 {¶ 12} As this court has stated, "one purpose of incorporation is to limit the liability of individual shareholders. * * * Therefore, in applying the Belvedere test, the burden of proof is upon the party seeking to impose individual liability on the shareholder to demonstrate that the grounds for piercing the corporate veil exist." Univ. Circle Ctr. Corp.v. Galbreath Co. (1995), 106 Ohio App.3d 835, 840. See, also, Sintel,Inc. v. Budget Systems (1999), Cuyahoga App. No. 74249.
 {¶ 13} In her motion for summary judgment, Stafford demonstrated that the contracts at issue were not signed by her, either in her individual capacity or on behalf of Medical Billing. Rather, as admitted by Patricia Cunningham, appellant's office manager, the contracts were signed by John Paxson, on behalf of Medical Billing. Thus, Stafford adequately demonstrated that there was no genuine issue of material fact that she did not intend to be personally liable on the contracts.
 {¶ 14} Appellant then had the burden of producing evidence to create a genuine issue of material fact regarding whether Stafford maintained such control over Medical Billing that it was merely her alter ego so as to allow piercing the corporate veil to hold her individually liable.
 {¶ 15} In its brief in opposition to appellees' motion for summary judgment, appellant argued that Stafford's failure to produce evidence that corporate formalities were followed and that a corporate identity was maintained separate from her personal dealings were "glaring omissions" from which "reasonable minds could certainly conclude that Stafford was the alter ego of the entity known as Medical Billing." Appellant argued further that because "there is nothing in the record to suggest the entity existed separate and apart from Stafford who created it," it was "therefore readily apparent that Medical Billing had no `free will' of its own."
 {¶ 16} Appellant's mere assertions, however, are insufficient to create a genuine issue of material fact. Appellant set forth no evidence
demonstrating that Stafford was so intertwined with Medical Billing so as to make it her alter ego. Contrary to appellant's argument, the mere fact that Stafford is the sole shareholder and officer of the corporation is not sufficient evidence to demonstrate that she had "absolute, complete and final authority" over Medical Billing such that the corporate veil should be pierced. Something more must be shown.
 {¶ 17} For example, in Gale v. Ficke (Apr. 26, 2001), Cuyahoga App. No. 77912, a case relied upon by appellant, the court found that the corporate veil could be pierced because the evidence showed that the plaintiffs made payments to the defendants individually although the payments were for construction work done by the defendants' small family-run corporation and the defendants, in their individual capacity, without any reference to a corporate officer status, negotiated the payments. Likewise, in Imperial Constr., Inc. v. Precision Cut, Inc.
(Nov. 21, 2001), Cuyahoga App. No. 79290, another case relied on by appellant, this court held that the plaintiff could pierce the corporate veil because the evidence showed that in its ten-year existence, the defendant corporation had not had any annual meetings, elected any directors or appointed any officers. In addition, the evidence showed that all corporate decisions were made by the sole shareholder. Appellant produced no such evidence here.
 {¶ 18} Appellant also argues that the corporate veil should be pierced because Stafford admitted that the corporation did not have any "employees" other than her. Stafford testified at her deposition, however, that in the time period at issue she had an "independent contractor" working on behalf of the corporation and, at various times, anywhere from four to six permanent employees. Thus, appellant's inaccurate restatement of Stafford's deposition testimony is insufficient to create an issue of fact regarding piercing the corporate veil.
 {¶ 19} Because appellant failed to meet the test set forth inBelvedere, the trial court properly granted summary judgment in favor of Stafford. Appellant's first assignment of error is therefore overruled.
 APPELLANT'S FRAUD CLAIM {¶ 20} In its second assignment of error, appellant asserts that the trial court erred in granting summary judgment in favor of Stafford on its fraud claim because Ohio law provides that a corporate officer can be held personally liable for a tort committed while acting within the scope of his or her employment. See Atram v. Star Tool Die Corp.
(1989), 64 Ohio App.3d 388, 393.
 {¶ 21} Appellant did not raise this argument in the trial court, however, and thus has waived it for purposes of appeal. It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43; Lippy v. Society Natl. Bank (1993),88 Ohio App.3d 33, 40.
 {¶ 22} Appellant's second assignment of error is therefore overruled.
 APPELLANT'S NEGLIGENCE CLAIM {¶ 23} Finally, we note that it is well established in Ohio that it is not a tort to breach a contract. See, e.g., Ketcham v. Miller
(1922), 104 Ohio St. 372. Thus, there is no claim for the negligent performance of a contract and, accordingly, the trial court properly dismissed appellant's negligence claim against Stafford.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and ANTHONY O. CALABRESE, JR., J. concur.
[1] Contrary to Civ.R. 32(A), the deposition transcripts attached to appellees' motion for summary judgment were not filed with the court. Appellant did not object and, moreover, attached another unfiled deposition to its brief in opposition to appellees' motion. Civ.R. 56(C) directs the court to consider only "the pleadings, depositions, answers to interrogatories, * * * if any, timely filed in the action." Where the opposing party fails to object to the admissibility of the evidence under Civ.R. 56, the court may, but need not, consider such evidence when it determines whether summary judgment is appropriate. The V Companies v.Marshall (1998), 81 Ohio St.3d 467, 473. It is well within the trial court's discretion, however, to ignore documents that do not comply with Civ.R. 56(C). Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222. Here, because neither side objected, the trial court apparently considered the nonconforming evidence. Likewise, because neither party objected below, we will consider the nonconforming evidence in reviewing appellees' motion.